**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4047**

_____

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

TERRANCE JAREL GOSS,

> Defendant - Appellant.

_____

**No. 24-4053**

_____

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

TERRANCE JAREL GOSS,

> Defendant - Appellant.

_____

Appeals from the United States District Court for the District of South Carolina, at Anderson.  Timothy M. Cain, Chief District Judge.  (8:21-cr-00490-TMC-7; 8:08-cr-00811-TMC-1)

_____

Submitted:  July 30, 2024                                        Decided:  August 1, 2024

_____

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

―――――――――――

No. 24-4047, affirmed in part and dismissed in part; No. 24-4053, affirmed by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Justin William Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Jarel Goss pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) ("criminal case"). The district court sentenced Goss to 100 months' imprisonment and three years of supervised release. At the same hearing, the district court also revoked Goss' term of supervised release imposed for a 2009 conviction and sentenced him within the policy statement range to a new term of 8 months' imprisonment ("revocation case"). In these consolidated appeals, Goss' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred in failing to vary downward at sentencing in Goss' criminal case because Goss' criminal history was overstated (Appeal No. 24-4047), and whether the district court erred in failing to vary downward from the policy statement range for Goss' revocation sentence because Goss' alleged conduct in violating the terms of his supervised release was the basis for his principal conviction (Appeal No. 24-4053). Goss was notified of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss Appeal No. 24-4047 pursuant to the appellate waiver in Goss' plea agreement but declined to file a response brief in Appeal No. 24-4053. We affirm in part and dismiss in part in Appeal No. 24-4047, and affirm in Appeal No. 24-4053.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls

3

within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Goss knowingly and voluntarily entered his guilty plea and understood the waiver. The waiver is therefore valid and enforceable, and the sentencing issue raised by *Anders* counsel in Goss' criminal case falls squarely within the waiver's scope. Accordingly, we grant the Government's motion and dismiss Appeal No. 24-4047 in part as to all issues within the scope of the appellate waiver. And, in accordance with our obligations under *Anders*, we have reviewed the entire record for any meritorious issues that do not fall within the scope of the appellate waiver and have found none. We therefore affirm in part the district court's judgment in the criminal case.

Regarding the revocation case, we have held that "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F. 3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). Only if we find a sentence

4

unreasonable must we decide whether it is "plainly" so. *United States v. Crudup*, 461 F.3d 433, 439 (4th Cir. 2006). Applying these principles here, we conclude that the revocation sentence is not plainly unreasonable.

In accordance with *Anders*, we have reviewed the record in the revocation case and have found no meritorious grounds for appeal. As to Appeal No. 24-4053, we therefore affirm the district court's judgment revoking Goss' supervised release and imposing an 8-month sentence.

This court requires that counsel inform Goss, in writing, of the right to petition the Supreme Court of the United States for further review. If Goss requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Goss. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 24-4047, AFFIRMED IN PART, DISMISSED IN PART;*
*No. 24-4053, AFFIRMED*